UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 07-CV-179-GFVT

TYRONE A. HORTON-BEY                                                                                           PLAINTIFF

VS:                 **MEMORANDUM OPINION AND ORDER**

SUZANNE R. HASTINGS, ET AL                                                        DEFENDANTS

      Tyrone A. Horton-Bey is confined in the United States Penitentiary Big Sandy located in Inez, Kentucky ("USP-Big Sandy"). He has submitted a prisoner *pro se* civil rights action pursuant to 28 U.S.C. § 1331 and the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 430 U.S. 388 (1971). On further review of the plaintiff's complaint, the Court construes an additional claim of negligence under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 ("FTCA").

      The plaintiff has also filed an "Application to Proceed *In Forma Pauperis,*" which the Court has addressed by separate Order. This matter is before the Court for initial screening. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

      Under *Bivens*, the plaintiff must plead and prove two essential elements. First, he must show that he has been deprived of rights secured by the Constitution or laws of the United States. Second, he must demonstrate that the defendants allegedly depriving him of those rights acted under color of *federal* law. *Bivens*, 403 U.S. at 397.

      This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519

(1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). Under 28 U.S.C. § 1915(e)(2) a district court can dismiss a civil case at any time if it determines that the action is: (i) frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

NAMED DEFENDANTS

The named defendants are : (1) Suzanne R. Hastings, the former Warden of USP-Big Sandy[1]; (2) Terreo Leibel, whom the plaintiff identifies as the Medical Administrator of USP-Big Sandy; (3) Dr. R. Ramirez; (4) Dr. S. Conrotto; (5) "M. Jackson,"; and (6) Dr. H. Sexauer.

CLAIMS

The plaintiff asserts claims of cruel and unusual punishment under the Eighth Amendment of the United States Constitution. Specifically, he alleges that the named defendants, many of whom he identifies as medical personnel at USP-Big Sandy, demonstrated deliberate indifference to his serious medical needs by prescribing the drug Naproxen to him as far back as either 2004 or 2005. He claims that given his known past history of heart problems, Naproxen was not an appropriate medication to administer to him.

Plaintiff alleges that the drug contains sodium, induces heart attacks, worsens blood pressure problems and causes other adverse side effects, especially problematic for persons like him who suffer from pre-existing heart problems. He claims that his use of Naproxen, at the direction of USP-Big Sandy medical staff, has caused him actual harm in the form of

---

[1] The Court takes judicial notice that the current warden of USP-Big Sandy is Hector Rios.

approximately eight to ten adverse side effects.

Additionally, the plaintiff claims that the named defendants were negligent in administering this drug to him. The plaintiff discusses the FTCA at length in his complaint. Accordingly, the Court determines that the plaintiff also intends to assert a negligence claim under the FTCA.

The only proper defendant to a claim asserted under the FTCA is the United States of America *Allgeier v. United States*, 909 F.2d 869 (6th Cir. 1990). The Clerk of the Court will be instructed: (1) to reclassify this action as being a mixed *Bivens* and FTCA proceeding and (2) to add the United States as named defendant to this action.

RELIEF REQUESTED

The plaintiff demands damages in the amount of $1.2 million [Record No. 2-5, p.2].

DISCUSSION
1. Official Capacity *Bivens* Claims

The plaintiff does not clearly state whether he is asserting claims against the six individually named defendants in their official or individual capacities. However, even if the plaintiff had expressly asserted claims against these defendants in their *official* capacities, such claims would suffer from a fatal defect.

A *Bivens* claim is only properly asserted against individual federal employees in their *individual* capacities. *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991). "[A] *Bivens* claim [for damages] may not be asserted against a federal officer in his official capacity." *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991) (citing *Holloman v. Watt*, 708 F.2d 1399, 1402 (9th Cir. 1983), *cert. denied*, 466 U.S. 958 (1984); *Sanchez-Mariani v. Ellingwood*, 691

F.2d 592 (1st Cir. 1982); *see also Schweiker v. Chilicky*, 487 U.S. 412 (1988); *Butz v. Economou*, 438 U.S. 478, 512-14 (1978)).

When damages are sought against federal employees in their *official* capacities, the damages in essence are sought against the United States, and such claims cannot be maintained. *Myers & Myers, Inc. v. United States Postal Serv.*, 527 F.2d 1252, 1256 (2d Cir. 1975); *Morris v. United States*, 521 F.2d 872, 847-75 (9th Cir. 1975). When a federal employee is sued in his or her individual capacity, the action is not a suit against the United States. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985).

In summary, the only proper defendant in a *Bivens* action is a person acting under color of federal law in that person's individual capacity. Plaintiff Horton-Bey does not state a claim upon which relief can be granted based against Defendants Hastings, Leibel, Ramirez, Conrotto, Jackson, and Sexauer in their *official* capacities. These claims will be dismissed with prejudice. *See* 28 U.S.C. § 1915(e)(2).

2. Individual Capacity Claims

The Court entered an Order on August 24, 2007 [Record No. 3], in which it directed the plaintiff to take certain steps concerning the filing fee. In that Order, the Court also requested the plaintiff to provide the Court with documentation showing that he had filed a BP-11 appeal about his medical claims during the administrative exhaustion process [*Id*., p.2, ¶ 3].

While the plaintiff later filed the necessary paperwork to seek pauper status [Record No. 4], he filed nothing in response to the Court's request to produce the BP-11 appeal. The

record at this stage is therefore unclear as to whether the plaintiff fully exhausted all of his claims. The recent decision by the United States Supreme Court, *Jones v. Bock*, 127 S. Ct. 901 (2007) prevents the Court from making any disposition based only on possible incomplete exhaustion efforts. Accordingly, the Court must direct the Clerk of the court to issue summons for Defendants Hastings, Leibel, Ramirez, Conrotto, Jackson, and Sexauer, in their *individual* capacities. The defendants must respond to the plaintiff's Eighth Amendment claims.

3. Construed FTCA Claims

In the latter part of his complaint, the plaintiff discusses his intention to assert a claim of

negligence under the FTCA. He did not attach any evidence of administrative exhaustion of his FTCA claim. A plaintiff bringing a negligence claim under the FTCA must exhaust the administrative remedies associated with the FTCA prior to bringing his action to federal court. 28 U.S.C. § 2675(a).[2] A person alleging the existence of a negligence claim must

---

[2] 28 U.S.C. § 2675(a) provides as follows:

(a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, **unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.** The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim. (Emphasis Added).

present his claim in writing within two years after such claim accrues. 28 U.S. C. § 2401.

In the last six pages of his complaint, the plaintiff appears to fashion some form of handwritten FTCA claim [Complaint, Record No. 2-5, pp.6-12]. He has not provided the Court with any type of officially filed administrative FTCA claim. In light of *Jones v. Bock*, and because the Court is requiring the named defendants to respond to individual capacity claims, the Court will also require the United States to respond to the FTCA claim.

CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)   The Clerk of the Court is directed to reclassify this action as being a *mixed* proceeding falling under both *Bivens*, 28 U.S.C. § 1331 and the FTCA, 28 U.S.C. § 1346(b).

(2)   The Clerk of the Court is directed to add the United States as named defendant.

(3)   The plaintiff's Eighth Amendment claims for damages against: (a) Suzanne R. Hastings, (b) Terreo Leibel, (c) Dr. R. Ramirez, (d) Dr. S. Conrotto, (e) "M. Jackson," (f) Dr. H. Sexauer, in their *official* capacities, are **DISMISSED WITH PREJUDICE**.

(4)   Defendants Suzanne R. Hastings, Terreo Leibel, Dr. R. Ramirez, Dr. S. Conrotto, "M. Jackson," and Dr. H. Sexauer will be required to respond to the plaintiff's Eighth Amendment claims asserted against them in their *individual capacities*.

(5)   The United States will be required to respond to the plaintiff's FTCA claims.

(6)   The Clerk in the divisional office in which the case lies shall prepare and issue summons for Defendants (a) Suzanne R. Hastings; (b) Terreo Leibel; (c) Dr. R. Ramirez;

(d) Dr. S. Conrotto, (e) "M. Jackson"; and (f) Dr. H. Sexauer, in their individual capacities; **in addition to the summonses**, the Clerk shall make 2 sets of copies of the summonses and mark one set to be served on the United States Attorney General and one set to be served on the United States Attorney for the Eastern District of Kentucky.

 (7) The Clerk in the divisional office in which the case lies is further directed to serve a copy of this Memorandum Opinion and Order on the Attorney General of the United States and on the United States Attorney for the Eastern District of Kentucky, and to note the service in the docket sheet.

 (8) The Clerk in the divisional office in which the case lies shall prepare as many copies of the complaint **and** this Memorandum Opinion and Order as there are summonses issued and complete the requisite number of United States Marshal ("USM") Form(s) 285.

  (a) If insufficient information exists to sufficiently or effectively complete any summons or USM Form 285 regarding any defendant, the Clerk shall promptly make a clerk's entry in the docket stating why the Clerk cannot fill out the summons or USM Form 285 or any other documents necessary to effectuate service.

  (b) The Clerk in the divisional office in which the case lies shall forward to the USM by certified mail the following documents: (i) the summonses issued; (ii) the requisite number of USM Forms 285; (iii) the requisite number of complaint copies; and (iv) the requisite number of copies of this Opinion and Order, and; (v) any other documents necessary to effectuate service.

  (c)  The Clerk in the divisional office in which the case lies shall enter into the record a notation that the delivery to the USM Office of the complaints, summonses, USM Forms 285, and all other attachments has been effectuated, and the date upon which delivery was effectuated.

  (d)  The USM Office shall serve a summons, complaint copy, and copy of this Order on the defendants to this action, and shall serve copies of the documents on the United States Attorney General, in Washington, D.C. and on the United States Attorney for the Eastern District of Kentucky, all service to be made by certified mail, return receipt requested, or by personal service.

  (e)  The USM Office shall make a return report to the Court of whether the summonses are executed or are still unexecuted within forty (40) days of the date of entry of this Order.  This report shall include a copy of the green card showing proof of service or a statement that a green card was not returned from the U.S. Postmaster, along with a track and confirm from the U.S. Postal Service showing that a proof of delivery does not exist.

  (9)  The plaintiff shall keep the Clerk of the Court informed of his current mailing address.  **Failure to notify the Clerk of any address change may result in dismissal**.

  (10)  For every further pleading or other document the plaintiff wishes to submit for consideration by the Court, he shall serve upon each defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document.  The plaintiff shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each

defendant or counsel. **If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.**

    This the 1st day of November, 2007.

.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge